IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VERONICA EVANS,<br><br>     Plaintiff,<br><br>  v.<br><br>DUKE UNIVERSITY, DUKE UNIVERSITY TRANSIT, and DUKE UNIVERSITY EMPLOYEE HEALTH,<br><br>     Defendant. | 1:25-CV-786-DAB-LPA |

## <u>OPINION</u>

Plaintiff Veronica Evans, proceeding *pro se*, brings this action against Defendants Duke University, Duke University Transit, and Duke University Employee Health for alleged violations of the Civil Rights Act of 1991.[1] (D.E. 5.) Before the court is Defendant Duke University's motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. The court issued Evans a Roseboro letter (D.E. 12), and she did not file a response. For the reasons set forth below, Duke University's motion based on Rules 12(b)(4) and 12(b)(5) will be granted, and Evans' complaint will be dismissed without prejudice.

## BACKGROUND

Ms. Evans initiated this action on August 29, 2025, by filing a *pro se* Complaint for employment discrimination alleging discrimination and retaliation following a workplace injury in violation of Title VII of the Civil Rights Act of 1964.[2] This Court dismissed Evans' original Complaint, holding the Complaint

---

[1] Duke University Transit and Duke University Employee Health are not legal entities.

[2]

lacked factual allegations supporting her claims. Evans filed her Amended Complaint on September 18, 2025, alleging the same facts as described above, with a single cause of action for an alleged violation of the Civil Rights Act of 1991. Evans' Amended Complaint does not provide any additional information regarding that alleged violation.

On September 18, 2025, the Clerk issued summonses for service for each Defendant. Evans did not include the name of any individual or registered agent on any of the summonses for service to be directed. Moreover, no individual was addressed in the mailing and no individual ever signed for delivery.

## ANALYSIS

A civil action is commenced by the filing of a complaint and the issuance of a summons by the clerk of court. Fed. R. Civ. P. 4(b). The summons commands a defendant to appear and must be served on each defendant. Fed. R. Civ. P. 4(a). Service must be made in accordance with the rules, and service on a corporation requires either (1) serving "in the manner prescribed by Rule 4(e)(1) for serving an individual," by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is mad," or (2) delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appoint or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A)-(B). Under the North Carolina Rules of Civil Procedure, Evans did not meet the standard of completing service upon Duke University. N.C. R. Civ. P. 4(j)(6).

When a defendant raises a defense pursuant to Rule 12(b)(4) and 12(b)(5), the plaintiff bears the burden of establishing that she has complied with them. *Ballard v. PNC Financial Servs. Group, Inc.*, 620 F. Supp. 2d 733, 735 (S.D.W. Va. 2009). While *pro se* plaintiffs are often afforded a degree of leniency in certain aspects of the litigation process, *pro se* litigants are not exempt from the Federal Rules of Civil Procedure. *See Saimplice v. Ocwen Loan Servicing Inc.*, 368 F. Supp. 3d 858, 865 (E.D.N.C. 2019).

By failing to address the service of process to an officer, director, or agent of Duke University, as required by the rules, Evans did not complete service of process. N.C. R. Civ. P. 4(j)(6)(c). Accordingly, the summons was defective on its face. This failure requires dismissal for insufficient process under Federal Rule of Civil Procedure 12(b)(4). Furthermore, Evans failed to mail or otherwise deliver the Summons and Amended Complaint to an officer, director, or managing or authorized agent of each named defendant. This constitutes further grounds for dismissal under Rule 12(b)(5).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Duke University's Motion to Dismiss (D.E. 10) pursuant to Rules 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process. Accordingly, the case is DISMISSED without prejudice.

This the 16th day of April, 2026.

 /s/ David A. Bragdon
United States District Judge